# ADDISON COUNTY.

## JANUARY TERM, 1841.

PRESENT, Hon. STEPHEN ROYCE,
      "   JACOB COLLAMER,   *Assistant Justices.*
      "   MILO L. BENNETT,

## JOHN WOOD *vs.* WALTER S. JOHNSON.

The doctrine that an action of book account will lie to recover for items
omitted by mistake, in the settlement of an account, recognized.

Where one partner sold to his co-partner his interest in the partnership ef-
fects, and, afterwards, it was discovered that the inventory and estimate
of the effects, which the parties had before them at the time of the sale,
was erroneous, and the effects were in fact less than appeared from the
inventory; but the sum paid for the selling partner's interest was consid-
erably less than his share of the amount of the inventory; it was held,
that, while the sale remained in force, an action could not be maintained to
recover the difference between the actual amount of the effects and the
amount stated in the inventory.

THIS was an action of book account, in which judgment
to account was rendered in the county court and auditors
appointed who reported as follows:

'The auditors report that the said Wood exhibited his ac-
'count,' (which was annexed to the report.) 'The defend-
'ant did not exhibit any account. The auditors disallow the
'whole of the said Wood's account, and find that there is
'no balance due either party. The auditors find the follow-
'ing facts relating to said Wood's account. The plaintiff and
'defendant entered into copartnership in mercantile business,
'in Middlebury, on the 11th day of September, 1838, and the
'business was conducted under the firm of W. S. Johnson
'& Co. The defendant resided in Middlebury and attended

ADDISON,
January.
1841.

Wood
v.
Johnson.

'to the business; and the plaintiff resided in Keene, N. H.
'but his part of the business was transacted by Nathan Wood
'residing in Middlebury. The business of the partnership
'was continued to the 1st day of May, 1839, when the co-
'partnership was dissolved. Upon the dissolution, an inven-
'tory of the stock of goods was taken and an invoice was ta-
'ken of the debts due the partnership and the debts owing
'by them. After some negotiation between said parties, for
'the purpose of settling the co-partnership business, the par-
'ties made propositions to each other for the purpose of clo-
'sing said business; the propositions being based upon and hav-
'ing referance to the said inventory and invoice, both parties
'supposing them to state the correct situation of the proper-
'ty belonging to the firm. The said parties finally agreed
'upon a sum, which the plaintiff should pay to the defen-
'dant for his capital and interest in the co-partnership prop-
'erty and fund, and said parties thereupon settled the busi-
'ness, the defendant assigning all his interest in the stock
'and debts of the partnership, and the plaintiff becoming
'obligated to pay all the debts due from the partnership. The
'auditors find that the defendant assigned all his interest in
'the goods and debts, without any warranty or obligation re-
'lating to the same, and that the parties did not adjust the
'business upon the principle of strict accounting, and that the
'adjustment made by the parties on the 1st of May, 1839,
'was a settlement between the parties of all partnership bu-
'siness.

The auditors further reported ' that, upon the hearing of
'this case, the claims made by John Wood were substantial-
'ly sustained by testimony according to the charge ; but the
'auditors decided the case upon another point as stated in
'the report.'

The plaintiff's account consisted of sundry items for errors
in the inventory of the goods on hand, and in sundry accounts
due the co-partnership.

The plaintiff excepted to the auditors' report; but the re-
port was accepted by the county court, and judgment ren-
dered thereon for the defendant to recover his costs ; to which
decision of the county court the plaintiff excepted.

ADDISON,
*January,*
1841.

Wood
*v.*
Johnson.

*Seymour & Barber* for plaintiff.

If these were debts due from the firm that by mistake were not included in the inventory, which plaintiff was compelled to pay and did pay, he has his remedy by action against the defendant for one half of what he has so paid, and this, although there was no warranty or express promise by the defendant. Gow on Partnership, 104-5. Collyer on Partnership, 157. *Bond* v. *Hays*, 12 Mass. R., 34. 3 Bing. 54. 2 Term R. 479.

The question as to profit and loss has been disposed of by the adjustment they have made, and the remedy may be, by action of assumpsit or book account, which are, in general, concurrent remedies. Nor does the settlement bar his remedy.

When the plaintiff's claim consists of several items, and it becomes necessary to examine accounts, auditors can ascertain the facts with greater certainty and more convenience than a jury, and in such case, the action of book account is the more appropriate remedy. 7 Con. R. 11, 324. 11 Vt. R. 521, by Redfield, J. *Newell* v. *Keith*, 11 Vt. R. 214. *Mc Laughlin* v. *Hill*, 6 Vt. R. 20. *Darling* v. *Hall.* 5 Vt. R. 91. *Whiting* v. *Corwin*, 5 Vt. R. 451. *Austin* v. *Berry et al.* 3 Vt. R. 185. *Sawyer* v. *Proctor*, 2 Vt. R. 580.

*Starr & Bushnell* for defendants.

1. The items of plaintiff's account consist of errors or mistakes alleged to have been made in the settlement of the partnership account between the parties. The action on book cannot be sustained on such an account. The plaintiff's remedy, if any, was by the action of account at common law, or in chancery. *Albee* v. *Fairbanks*, 10 Vt. R. 314. *Sawyer* v. *Proctor*, 2, Vt. R. 580.

2. The auditors find that the defendant sold out his interest in the partnership stock and demands to the plaintiff for an agreed sum, and the plaintiff agreed to pay all the partnership debts, which closed the partnership concern; that in ascertaining the sum paid by plaintiff to defendant the parties did not proceed upon any principle of strict accounting. The defendant assigned his interest in the stock and demands, &c. to the plaintiff, without any warranty, and plaintiff unconditionally assumed to pay the partnership debts.

To allow the plaintiff to recover would be to set aside the contract of the parties by which they closed the concern.

The opinion of the court was delivered by

ROYCE, J.—It is unnecessary, upon this occasion, to decide whether the action on book will lie to correct errors and mistakes in the settlement of accounts. It was once well understood that it would not ; but that a special action was necessary, pointing out the error or .mistake. And such would still seem to be the law in Connecticut, from whence our book action was derived. But it was decided, in *Austin* v. *Berry & Meigs,* that articles omitted by mistake, in settlement, might afterwards be recovered for in this form of action. And in later cases the same remedy has been extended to articles, not adjudicated in a former action, on book, although previously delivered.

In the present case, we discover an objection to the plaintiff's right of recovery, which does not depend upon the question as to the proper form of action. As the partnership concerns were finally closed, there was not, strictly, a settlement of partnership accounts, but a sale of the effects to one partner. And the substance of the plaintiff's complaint is, that, in consequence of certain errors and mistakes in the estimate then made of the means and liabilities of the partnership, he was induced to pay the defendant too much for his interest. The object is, not to disturb the purchase, but to recover back part of the consideration paid. The inventory and other estimates were, doubtless, a guide to the parties in making their respective offers to sell or purchase ; but the sum finally offered by the plaintiff, and accepted by the defendant, was considerably less than the apparent moiety of the clear partnership fund, and the defendant sold his interest without any idea of future liability. Under these circumstances, we are not at liberty to assume, that he would have consented to take the amount to which the plaintiff now seeks to reduce him. Had he known the errors, perhaps he would have insisted on a smaller deduction, or have withdrawn his propositions entirely. In short, we think that whilst the sale remains in force, for the plaintiff's benefit, he cannot be permitted, in this collateral man-

ner, to vary and lessen the consideration on which it was made.

Judgment of county court affirmed.